# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **ROCKY JOE MERTENS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SHERIFF SHANNON OLIVER, et al.,** )<br>)<br>**Defendants.** ) | Case No. 3:17-CV-1553-VEH-JEO |

## ORDER OF DISMISSAL

At the time he filed the complaint in this action, the plaintiff moved to proceed without prepayment of the court filing fees. As part of motion, the plaintiff included jail account information for the period from August 29, 2017, to September 8, 2017. Pursuant to the Prison Litigation Reform Act, the magistrate judge entered an order on September 13, 2017, requiring the plaintiff to provide prisoner account information for each institution in which he was confined within the last six months, or, in the alternative, certify in writing and under oath that he has not been incarcerated at any other time during the previous six-month period. The plaintiff was ordered to comply within thirty days, and was warned that failure to do so in a timely manner could result in dismissal of this action for want of prosecution.

More than thirty days has elapsed, and the plaintiff has failed to comply with or otherwise respond to the magistrate judge's order.  Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

For information regarding the cost of appeal, see the attached notice.

**DONE** and **ORDERED** this the 19th day of October, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                      In Replying Give Number
Clerk of Court                                                      of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1) Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

(2) arrange to have a prison official certify to the district court from which the appeal arose the average monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the average monthly deposits or of the average monthly balances shown in your prison account. The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

David J. Smith
Clerk of Court

PLRA Notice